**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1983
_____

BLANCHE A. BROWN,
                                        Appellant

v.

POLICE CHIEF JOSEPH FRIEL, in his Individual and Official Capacity;
GROVER KOON, Valley Twp. Magisterial Judge in his Individual and Official
Capacity; VALLEY TOWNSHIP POLICE DEPARTMENT;
VALLEY TOWNSHIP MANAGER/ADMINISTRATOR, in his Official Capacity;
VALLEY TOWNSHIP AND GOVERNING BOARD/SUPERVISORS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01819)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2020
Before:  GREENAWAY, JR., KRAUSE and BIBIAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 28, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Blanche Brown appeals the District Court's orders granting one defendant's motion to dismiss and granting summary judgment to the remaining defendants. We will affirm the District Court's judgment.

This case arises out of a long-running dispute between Blanche Brown and her half-brother James Brown.[1] As the District Court discussed in great detail, both Brown and James sought assistance from Valley Township Police Chief Joseph Friel. Friel counseled both Brown and James to cease contact with the other. When Brown continued to contact James (and his girlfriend), Friel twice issued citations to Brown for harassment.

Brown and James continued to seek help from Friel. Brown informed him that she had found a bullet shell in a church parking lot near her house and that she thought James had "plotted to enter my home and kill me." ECF No. 74-4 at 30. She also claimed that, by failing to more aggressively respond to her complaints, Friel had "given James permission to come after me with the intent to kill me." Id. at 31. Friel denied those accusations and urged Brown to continue to use the legal system. Eventually, trial was held on the citations before Magisterial District Judge Koon. Brown signed an

_____

[1] This opinion will refer to the appellant as "Brown" and her half-brother as "James."

2

"Alternative Sentencing Contract" in which she agreed that she would have no contact with James either directly or through a third party.

Brown then filed the complaint at issue here. She raised numerous claims under 42 U.S.C. § 1983 contending that Friel, Judge Koon, and various supervisory and institutional defendants had violated her due-process rights, maliciously prosecuted her, and caused a state-created danger, among many other things. The District Court dismissed the claims against Judge Koon, concluding that he was protected by absolute judicial immunity. See ECF No. 69. The Court then granted summary judgment to the remaining defendants, see ECF No. 143,[2] and Brown filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal and summary judgment orders. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014) (summary judgment); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (dismissal). In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

_____

[2] The Court also denied Brown's motions for reconsideration and to reopen the judgment, see ECF No. 152, but she has not developed any arguments challenging that order in her opening brief, and we therefore do not address that order here.

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

At the outset, we stress that an issue is forfeited "unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Therefore, while Brown has included a litany of complaints in her brief, we will consider only those that she has developed.

First, Brown claims that the District Court "copied and pasted" the defendants' arguments. Br. at 20. However, she has not identified any passages that support this claim, and we have not seen any in our independent reading. Indeed, we have found the District Court's analysis to be exceptionally careful and thorough. Thus, this claim lacks merit. So does Brown's contention that a Magistrate Judge played an improper role in this case; the record reveals that each opinion was issued by a District Judge, not a Magistrate Judge.

4

Next, Brown complains that the District Court improperly dismissed her claims against Judge Koon on the ground that he was protected by judicial immunity. We agree with the District Court's analysis. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam).[3] While this immunity does not apply if the judge is sued for nonjudicial actions or actions "taken in the complete absence of all jurisdiction," id. at 11–12, neither exception applies here. Brown's claims concern Judge Koon's conduct in presiding over trial on the harassment citations, a quintessentially judicial function. Brown argues that Judge Koon lacked jurisdiction, but as a magisterial district judge, Judge Koon had jurisdiction over the summary offenses at issue. See 18 Pa. Cons. Stat. § 2709(c)(1); 42 Pa. C.S. § 1515(a)(1). Accordingly, the District Court did not err in dismissing these claims. See generally Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 771 (3d Cir. 2000) ("[W]e hold that a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court even though a court rule or other procedural constraint required another judge to act in the matter.").

---

[3] Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Brown has not shown that this exception applies. See Azubuko v. Royal, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam).

Brown also argues that the District Court erred in granting summary judgment to the defendants on her malicious-prosecution claim. However, there are numerous problems with this claim. First, the charges were resolved via an "alternative sentencing contract" that prohibited Brown from contacting James directly or through third parties; this is not the type of "favorable termination" that is indicative of innocence. See Gilles v. Davis, 427 F.3d 197, 211–12 (3d Cir. 2005) (so holding with respect to accelerated rehabilitative disposition); Hilfirty v. Shipman, 91 F.3d 573, 580–81 (3d Cir. 1996). Second, as the District Court ruled, the record evidence shows that Brown suffered "no seizure significant enough to constitute a Fourth Amendment violation in support of a Section 1983 malicious prosecution action." DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). And third, while Brown raises a technical defense to the charges, we agree with the District Court's conclusion that a reasonable jury would find that Friel had probable cause to conclude that Brown committed the crime of harassment. See generally Dempsey v. Bucknell Univ., 834 F.3d 457, 467 (3d Cir. 2016) ("Far from demanding proof of guilt beyond a reasonable doubt, probable cause exists if there is a fair probability that the person committed the crime at issue." (quotation marks, alteration omitted)); Holman v. City of York, 564 F.3d 225, 231 (3d Cir. 2009) (probable-cause standard does not require officer to resolve "daunting issues").[4]

---

[4] This last point is also fatal to Brown's retaliatory-prosecution claim. See Miller v. Mitchell, 598 F.3d 139, 154 (3d Cir. 2010).

Brown's remaining arguments similarly lack merit.  As the District Court explained, Brown's state-created-danger claim fails because she presented no evidence that Friel acted with a degree of culpability that shocks the conscience; rather, the evidence invariably shows that Friel sought to respond to Brown's complaints and deescalate the conflict between Brown and James.  See generally Johnson v. City of Phila., 975 F.3d 394, 401 (3d Cir. 2020).  Likewise, she has failed to present evidence that any of the defendants' conduct was based on a policy or custom so as to establish Monell liability.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978).  Finally, the District Court did not err in refusing to recuse based on Brown's unsupported allegations of bias.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (explaining that "a party's displeasure with legal rulings does not form an adequate basis for recusal").

Accordingly, we will affirm the District Court's judgment.